IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Candice Swan,

    Plaintiff,

v.

Balfour Senior Care, LLC,

    Defendant.

## COMPLAINT

Plaintiff Candice Swan ("Swan" or "Plaintiff") states the following Complaint against Defendant Balfour Senior Care, LLC ("Balfour" or "Defendant").

### NATURE OF ACTION

Plaintiff brings this action for damages as a result of Defendant's discrimination against her on the basis of her disability, and/or her perceived disability, and as a result of its retaliation against her in violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA") and C.R.S. § 24-34-402.

### PARTIES

1. Plaintiff Candice Swan ("Swan") is an individual citizen and resident of Colorado. All the events and transaction upon which this suit is based occurred in the State of Colorado. Ms. Swan resides at 9200 Yucca Way, Thornton, Colorado, 80229.

2. Defendant Balfour Senior Care, LLC is a Colorado limited liability company doing business in the state of Colorado. Defendant is a private employer with fifteen (15) or more employees. At all relevant times, Defendant was an "employer" as defined by ADA 42 U.S.C.

12111(5)(A) with a principal office located at 183 S. Taylor Avenue, Suite 155, Louisville, Colorado 80027.

3. Jurisdiction is invoked pursuant to the American with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343 and this action is authorized and instituted pursuant to 29 U.S.C. §626(c). The Court has continuing jurisdiction to hear Plaintiff's state law claims in accordance with Fed.R.Civ.P. 18(a).

4. Venue is proper in this Court as the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Colorado.

## ADMINISTRATIVE PROCEDURES

5. Swan has timely and properly exhausted her administrative remedies by filing an initial Complaint of Discrimination with the Colorado Civil Rights Division (Charge No. E2200013822) on October 20, 2021, based upon grounds of disability discrimination and retaliation after engaging in a protected activity. Plaintiff has properly exhausted his administrative remedies by receiving a right to sue from the Colorado Civil Rights Division dated November 22, 2022.

6. This lawsuit is timely filed within 90 days after Swan's receipt of a Notice of Right to Sue from the Colorado Civil Rights Division on November 22, 2022.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference the allegations set forth above.

8. Plaintiff was employed by Defendant during all relevant time frames.

9. Plaintiff began her full-time employment with Defendant at the Longmont location on or about December 20, 2020, as a Care Partner in the Memory Care Unit.

10. Prior to her employment with Defendant, Swan suffered injuries in a car wreck that substantially impacted her major life activities.

11. Defendant was aware of Swan's physical limitations when it hired Swan.

12. Swan had a reasonable restriction of not lifting anything over fifty (50) pounds.

13. Defendant was also aware at the time of Swan's hire that Swan had surgeries scheduled in April and May of 2021.

14. In or about January 2021, Swan received a promotion to the QMAP position, which involves distributing medications to patients.

15. On March 15, 2021, Swan slipped on snow while at home and suffered injuries to her shoulder. Plaintiff attempted to work through the pain but ultimately went to the doctor a few weeks later.

16. On March 31, 2021, Swan informed Defendant of her additional restrictions due to her injury. The restrictions included wearing a sling, attending physical therapy, and limiting lifting objects while at work.

17. Plaintiff requested reasonable accommodations to minimize lifting, but Defendant failed to ensure that this request was granted.

18. On or about April 9, 2021, Defendant contacted Swan and requested that she pick up a shift. Swan informed Defendant that she was unable to add additional shifts due to her injuries.

19. On or about April 28, 2021, Swan appropriately called out of work due to pain and her upcoming surgery that she had scheduled the following day.

20. After the surgery, Swan's doctor provided Defendant with Swan's restrictions resulting from the surgery, including a plan for Swan's return to work.

21. In May 2021, Swan continued to work at the best of her ability, but Defendant failed to observe her requested reasonable restrictions.

22. Swan was also removed from her QMAP position and demoted to a Care Partner position, which involved lifting patients. Defendant was aware that Swan could not lift patients after her surgery.

23. On or about May 12, 2021, Swan was scheduled to begin a shift at 10:00pm. Swan informed Defendant that she could not work this shift because she would put patients and herself at risk of injury.

24. Defendant terminated Swan on May 12, 2021.

### FIRST CAUSE OF ACTION
### Discrimination in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

25. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

26. Defendant is an employer as defined by C.R.S. § 24-34-401(3).

27. Plaintiff is a member of a protected class of individuals based on her disability and/or perceived as defined by C.R.S. § 24-34-402(1)(a).

28. Plaintiff was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her position.

29. Defendant willfully and intentionally subjected Plaintiff to discrimination by refusing to observe her restrictions/accommodations.

30. Defendant knew its actions violated CADA or was recklessly indifferent in that regard.

31. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Swan has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Swan also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Swan claims damages for these losses and injuries under C.R.S. § 24-34-405.

### SECOND CAUSE OF ACTION
### Retaliation in Violation of the Colorado Anti-Discrimination Act (C.R.S.
### § 24-34-402(1)(e)(IV))

32. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

33. Plaintiff engaged in protected activities by refusing to put patients or herself at risk due to her disability.

34. Plaintiff further suffered an adverse employment action by being terminated after she engaged in protected activity.

35. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

36. These statutory violations were intentional.

37. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's statutorily protected rights.

38. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Swan has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Swan also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Swan claims damages for these losses and injuries under C.R.S. § 24-34-405.

## THIRD CAUSE OF ACTION
### (Disability Discrimination – ADA/ADAAA)

39. The preceding allegations are incorporated by reference as it fully stated herein.

40. Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

41. Plaintiff has a qualifying disability and/or was perceived as having a disability.

42. Defendant willfully and intentionally subjected Plaintiff to a disability discrimination.

43. Defendant knew its action violated the ADA or it was recklessly indifferent in that regard.

44.     Plaintiff was discharged from her position in part due to the fact that she had a disability.

45.     As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, earnings, diminution of future earnings capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney's fees, costs and expenses, and other damages to be determine at trial. Plaintiff claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## FOURTH CAUSE OF ACTION
### (Retaliation-ADA § 12203)

46.     The preceding allegations are incorporated by reference as it fully stated herein.

47.     Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions are in violation of the ADA § 12112.

48.     The effect of these statutory violations was to deprive Ms. Swan of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADEA, ADA and/or ADAAA.

49.     The statutory violations were intentional.

50.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Swan's federally protected rights.

51.     As a result of the actions of Defendant, Ms. Swan suffered damages.

WHEREFORE, Candice Swan respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay, benefits, pre-judgment interest, liquidated damages, costs, expert fees, attorney's fees, and such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED: This 13th day of February, 2023.

                                                   Respectfully submitted,

                                                   BACHUS & SCHANKER, L.L.C.

                                                   *s /Sara A. Green*
                                                   Sara A. Green, Esq.
                                                   101 W. Colfax Ave., Suite 650
                                                   Denver, Colorado 80202
                                                   Telephone: 303.893.9800
                                                   Facsimile:  303.893.9900
                                                   Sara.green@coloradolaw.net